IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:24-CR-00153 |
| v. | (Chief Judge Brann) |
| RYAN EDWARD MILLS, | |
| Defendant. | |

MEMORANDUM OPINION

DECEMBER 17, 2025

Defendant Ryan Edward Mills ("Defendant") brought a motion to suppress the search of his backpack following his arrest and the subsequent search of a residence pursuant to a warrant premised on the evidence obtained from the backpack search. For the foregoing reasons, that motion is denied.

I.   BACKGROUND

Defendant was indicted by grand jury for unlawfully possessing firearms as a felon and possessing a firearm with an obliterated serial number. In the lead up to trial, Defendant filed the instant motion to suppress evidence and a brief in support.[1] The Government filed a brief in opposition.[2] A hearing was held on the issue on October 24, 2025. Defendant, at his own request, filed supplemental briefing.[3]

---

1   Doc. 26 (Mot.); Doc. 28 (Br. in Supp.).
2   Doc. 33 (Br. in Opp.).
3   Doc. 43 (Br. Supp.).

The facts as presented at the hearing are as follows:

The United States Marshals Service Fugitive Task Force were working with the assistance of Milton Police Department to locate and apprehend Defendant.[4] Defendant was wanted on an outstanding warrant for violating the terms of his parole.[5]

On January 10, 2024, Milton Police Officers began surveilling a residence where Defendant's girlfriend, Abigail Fetzer ("Fetzer"), and Defendant were believed to be residing.[6] Officers observed Mills exit the residence several times, loading items into a silver BMW, specifically loading a "black dark-style backpack" into the trunk.[7] The BMW was registered to Fetzer.[8] After Mills loaded the trunk, he and Fetzer, along with children, exited the residence and entered the vehicle.[9] The BMW left the residence and was re-located a bit later at the "Fuel On" gas station where Fetzer worked.[10] Mills was inside the gas station at slot machines at this point.[11]

When Mills exited the gas station and entered the driver's seat of the BMW, officers converged on the car and arrested him.[12] Officers "cleared, visually[,] the

---

[4] Doc. 40 (Trial Tr.) 8:8-15, 14:22-23.
[5] Id.
[6] Id. 9:23-10:11.
[7] Id. 12:10-17.
[8] Id. 20:7-9.
[9] Id. 12:12-13:3.
[10] Id. 14:11-15.
[11] Id.
[12] Id. 15:11-25.

inside of the vehicle through the open door to make sure there was nobody else inside" as a "safety precaution."[13] At this point, "[t]hrough the open driver's side door, there was a strong odor of burnt marijuana, and [officers] could see what appeared to be consistent with a marijuana roach in the center console."[14]

After Defendant's arrest, Fetzer signed a form granting permission to search the car, without enumerated restriction.[15] In the subsequent search, officers searched a backpack located in the trunk and found "containers of marijuana, packaging materials, scales, 45 caliber handgun, magazines, and ammunition."[16]

## II.   DISCUSSION

### A.   Standing

To challenge a search as unconstitutional, a defendant must have standing to do so. Fourth Amendment standing requires that an individual have both an objectively reasonable and subjective expectation of privacy in the property searched.[17] "[W]hether the driver of a car has the reasonable expectation of privacy necessary to show Fourth Amendment standing is a fact-bound question dependent on the strength of his interest in the car and the nature of his control over it; ownership is not necessary."[18] Even without standing to challenge a vehicle search,

---

[13] *Id.* 16:4-7.
[14] *Id.* 16:10-13; 46:8-16; *see also* Government's Exhibit 6 ("GX6").
[15] *Id.* 39:10-15, 40:24-41:2; *see also* GX4.
[16] *Id.* 47:5-6.
[17] *United States v. Kennedy*, 638 F.3d 159, 163 (3d Cir. 2011).
[18] *United States v. Baker*, 221 F.3d 438, 442 (3d Cir. 2000).

individuals may challenge the search of a container inside the vehicle where they display a reasonable and subjective privacy interest in the item searched.[19]

The Court need not analyze whether Defendant had standing to challenge the search, as the Government conceded this issue at oral argument.[20] Because the Government has waived the argument, the Court will proceed on the assumption that Defendant has standing to bring the instant challenge.

### B.  Automobile Search Exception

A search under the Fourth Amendment occurs when the Government physically intrudes on one's constitutionally protected area[21] or invades one's reasonable expectation of privacy.[22] Looking through car windows into the interior is not a search, nor is smelling the odor of marijuana from outside a car.[23] A

---

[19] *See Bond v. United States,* 529 U.S. 334, 338-39 (2000) (holding that a bus passenger maintains an expectation of privacy in luggage placed in an overhead compartment); *United States v. Place,* 462 U.S. 696, 707 (1983) ("[A] person possesses a privacy interest in the contents of personal luggage that is protected by the Fourth Amendment."); *United States v. Worthon,* 520 F.3d 1173, 1182 (10th Cir. 2008).

[20] Doc. 40, 98:4-10.

[21] *Florida v. Jardines*, 569 U.S. 1, 5 (2013).

[22] *Kyllo v. United States*, 553 U.S. 27, 33 (2001).

[23] "There is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers." *Texas v. Brown*, 460 U.S. 730, 740 (1983); *United States v. McDonald*, No. 23-2182, 2024 WL 4814887 at *4-5 (3d Cir. 2024). To note, though, "piercing" the driver's side windowpane by leaning into an open window to peer inside, without other justification, may be a physical intrusion that qualifies as a search. *See United States v. McDonald*, No. 23-2182, 2024 WL 4814887 at *4-5 (3d Cir. 2024) (citing *United States v. Ngumezi*, 980 F.3d 1285, 1288 (9th Cir. 2020) (holding that Supreme Court precedent "establishes that a physical intrusion into the interior of a car constitutes a search")). Defendant does not seem to contest that the officers lawfully smelled marijuana and observed the marijuana cigarette during their safety sweep, rather arguing that the automobile search does not extend to containers inside the car. Doc. 43 at 6. Defendant cites no case law for this proposition, likely as it is contrary to the manifest weight of authority.

warrantless search is normally per se unreasonable and unconstitutional unless an exception to the warrant rule applies.[24]

Parties have raised four exceptions to the warrant requirement relevant to this case: consent, the automobile exception, the search incident to arrest exception, and the plain view doctrine. Because the automobile exception and the plain view exception clearly carry the day, the Court need not wade into legal briar patches unnecessarily and will not decide whether the other exceptions would justify a search.[25]

The automobile exception permits the warrantless search of a vehicle if law enforcement has "probable cause to believe that the vehicle contains evidence of a crime."[26] If probable cause justifies a search of the automobile, the search may extend to every part of the vehicle and its contents that may conceal the object of the search.[27] Importantly, despite Defendant's argument to the contrary, a search under the automobile exception includes the authority to search containers located inside the vehicle that may contain the items sought.[28]

---

[24] *Missouri v. McNeely*, 569 U.S. 141, 148 (2013).
[25] *Morse v. Frederick*, 551 U.S. 393, 431 (2007) (Breyer, J., concurring) ("[T]he cardinal principle of judicial restraint is that if it is not necessary to decide more, it is necessary not to decide more.") (internal quotation omitted).
[26] *United States v. Donahue*, 764 F.3d 293, 299 (3d Cir. 2014).
[27] *Id.*
[28] *California v. Acevedo*, 500 U.S. 565, 580 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.").

Additionally, the plain view doctrine is relevant here. The plain view doctrine, and its spinoffs like the plain smell and plain touch doctrine, allow an officer to seize incriminating evidence when 1) he observes the evidence from a vantage point where he has a lawful right to be; 2) he has a lawful right of access to physically obtain the evidence and 3) he has probable cause that the object is contraband or evidence of a crime.[29] Evidence observed or seized in plain view may be used in the determination of probable cause for subsequent searches.[30]

Here, the evidence plainly observed gave rise to probable cause justifying a search under the automobile exception. Both officers testified to smelling marijuana emanating from the car while in a place where they had a lawful right to be, specifically through an open car door while sweeping the car for safety.[31] "It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause."[32] Moreover, both officers observed what appeared to be a burnt, hand-rolled cigarette on the center console. While Defendant correctly pointed out that such a hand-rolled object may be a tobacco, rather than marijuana, cigarette, an object perceived to be marijuana

---

[29] *See United States v. McDonald*, No. 23-2182, 2024 WL 4814887, at *2 (3d Cir. Nov. 18, 2024) (quoting *United States v. Menon*, 24 F.3d 550, 559 (3d Cir. 1994)).

[30] *United States v. Green*, No. 19-84, 2022 WL 574864 (W.D. Pa. Feb. 25, 2022); *Texas v. Brown*, 460 U.S. 730, 739 n. 4 (1983) ("The information obtained as a result of observation of an object in plain sight may be the basis for probable cause or reasonable suspicion of illegal activity.").

[31] *Supra* note 14. *See also United States v. Hensley*, 469 U.S. 221, 235 (1985) (holding that police were entitled to seize evidence revealed in plain view during a stop and subsequently perform a search and seizure based on that evidence).

[32] *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006).

by officers can contribute to a finding of probable cause when combined with other evidence of drug activity, such as the odor of marijuana.[33] As the backpack in the trunk could conceal marijuana, officers had probable cause to search it; the search was therefore justified under the automobile exception. Accordingly, Defendant's motion to suppress the evidence obtained through a search of the backpack is denied.

### C. Fruit of the Poisonous Tree

Defendant also claims that the evidence obtained via search warrant using the evidence uncovered from the bag should be barred as fruit of the poisonous tree.[34] As the Court has found that the backpack search was lawful, subsequent searches therefore would not be barred by the fruit of the poisonous tree doctrine. Accordingly, Defendant's motion to suppress evidence subsequently obtained as a result of the backpack search is also denied.

### III. CONCLUSION

For the reasons enumerated above, Defendant's motion to suppress is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[33] *See United States v. Coates*, 457 F. Supp. 2d 563, 567-69 (W.D. Pa. 2006); *United States v. Crawley*, 526 F. App'x 551, 557 (6th Cir. 2013).
[34] Doc. 43 at 9.